# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**RANDY RAY BAILEY** and<br>**CHRISTINE MARIE CRAIG**,<br><br>Debtors. | Case No. **12-60253-7** |
| **TERRANCE HUNT** and **MARCIA HUNT**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**RANDY RAY BAILEY**,<br><br>Defendant. | Adv No. **12-00037** |

## MEMORANDUM OF DECISION

At Butte in said District this 2nd day of April, 2013.

Plaintiffs in this adversary proceeding have moved for summary judgment to except their claim in the amount of $169,440.75 from the Defendant/Debtor Randy Ray Bailey's discharge under 11 U.S.C. § 523(a)(2)(A), based on the issue preclusion/collateral estoppel doctrine and summary judgment entered against Defendant in the Gila County Superior Court of the State of Arizona, based on fraud. Defendant, pro se, filed a "Motion in Opposition of Summary Judgment" denying that he committed fraud, and that the Arizona summary judgment was not actually litigated but rather granted by default when Defendant's then-attorney failed to respond. For the reasons set forth below, Plaintiffs' motion for summary judgment will be granted in the

1

amount of $169,440 which is excepted from the Defendant's discharge.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b). This determination as to the dischargeability of Plaintiffs' particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## FACTS

Montana Local Bankruptcy Rule ("Mont. LBR") 7056-1(a) requires that a person filing a motion for summary judgment must submit a separate, short and concise "Statement of Uncontroverted Facts," setting forth separately each fact in serial, not narrative form. LBR 7056-1(a) further provides "failure to submit this statement constitutes grounds for denial fo the motion."

Plaintiffs did not file a separate statement of uncontroverted serial facts. However, their motion for summary judgment (Dkt. 13) includes at page 2 to page 5 – line 6, a narrative "Factual Background: The Underlying Agreements and Litigation Between the Parties" describing the transactions between the parties, which resulted in litigation in the Gila County Superior Court against Defendant, who is Plaintiffs' son.

Plaintiffs allege that they filed a motion for summary judgment in the Gila County Arizona court, which was granted and judgment entered against Defendant after he did not file a response. They allege that judgment was entered in the Gila County case in the amount of $169,440.75 on all claims including fraud. Plaintiffs' motion for summary judgment is accompanied by an affidavit of Plaintiff Marcia Hunt, and an affidavit of their attorney in the Gila County Arizona Superior Court litigation, CV-2009-0400, with attachments including the complaint and the judgments entered on all claims asserted against Defendant, "including but not

2

limited to Plaintiffs' claims for breach of contract and fraud." Dkt. 11. The amended judgment entered September 28, 2011, awards damages in the amount of $161,696.00, taxable costs of $169.00, and attorney's fees of $7,575.00, for a total of $169,440.00. Dkt. 11.

In response, the Defendant filed a "Statement of Facts in Support of the Opposition of the Motion for Summary Judgment" on February 4, 2013, accompanied by affidavits of the Defendant and his spouse Christine M. Bailey[1]. Dkt. 20, 21, 22. Defendant's opposition to summary judgment contends that he is innocent of any fraud or forgery, and that his attorney did not answer Plaintiffs' motion for summary judgment in Arizona so he was not given an adequate opportunity to be heard. Defendant requests the opportunity to fully argue the merits of his case in this adversary proceeding.

For purposes of the instant Plaintiffs' motion for summary judgment, Defendant's Statement of Facts (Dkt. 20) sets forth the following relevant facts:

> 21. In December of 2009 Defendant Bailey and Christine Craig were served with the Plaintiffs['] *Summons and Complaint*.
>
> 22. Defendants Bailey and Craig hired Keith Lalliss, Attorney at Law, in March 2010 to represent them in the state of Arizona Courts and thus filed an answer to the complaint.

Defendant's Statement goes on to state that he received no information from his attorney or the Arizona courts, leading him to believe that the case had been dropped, until December 2011, when he was served with a notice of filing of foreign judgment which was the first notice he received that the Arizona case "had been litigated and a judgment issued." Dkt. 20, paragraph

---

[1]Christine Bailey's affidavit, Dkt. 22, indicates at paragraph 23 that she learned the Arizona judgment had been amended and she was no longer a defendant. The amended judgment at Dkt. 11 reflects that the claims against Christine Craig were dismissed.

25.

Defendant filed his voluntary Chapter 7 petition on February 28, 2012. Plaintiffs' filed their complaint seeking exception from Defendant's discharge on August 6, 2012. Defendant filed his answer on September 4, 2012. Defendant's answer admits borrowing funds from the Plaintiffs, but denied forging any deeds or failure to pay consideration. Defendant admits that Plaintiffs filed suit in Gila County Arizona, and that Plaintiffs' motion for summary judgment was granted, but contends that the judgment was a default judgment because he "did not have the funds to defend himself either by appearance or by lawyer." Defendant denies obtaining money by false pretenses, false representations or fraud. Plaintiffs filed their motion for summary judgment in this proceeding on January 11, 2013.

## DISCUSSION

**I. Summary Judgment**.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec.*

4

*Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e); *see also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

## II. Issue Preclusion/Collateral Estoppel.

The doctrine of claim preclusion provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *U.S. v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008), *cert. denied* __ U.S. __, 130 S.Ct. 127, 175 L.Ed.2d 83 (2009) (*quoting United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881(9th Cir.1997) (other citations omitted)). The related doctrine of collateral estoppel, or issue preclusion, provides that "when an

5

issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Bhatia*, 545 F.3d at 759, *quoting Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).  The Ninth Circuit noted that the Supreme Court recently clarified that "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." *Bhatia*, 545 F.3d at 759 n.2, *quoting Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008).

Issue preclusion applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).  The party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated.  *Child v. Foxboro Ranch Estates, LLC (In re Child)*, 486 B.R. 168, 172 (9th Cir. BAP 2013).

Rules of comity require that federal courts give prior state judgments the same preclusive effect as the courts of the state court that rendered the judgment.  *Id.*; 28 U.S.C. § 1738 (2012). As a matter of full faith and credit, a federal court must determine the preclusive effect of a prior state court judgment by applying the issue preclusion law of the state of the court that rendered the prior judgment.  *Child*, 486 B.R. at 172; *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

The doctrines apply under Arizona law.  "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' [collateral estoppel protects] against 'the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and fost[ers] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Universal Engraving, Inc. v. Metal Magic, Inc.*, 2010 WL 4922703 *15 (D. Ariz.)*, quoting*

*Taylor v. Sturgell*, 553 U.S. at 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (*quoting Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).  Defendant opposes summary judgment and wants to relitigate the issues of fraud, raising the possibility of delay and the expense of another lawsuit, as well as the possibility of an inconsistent decision.

Under Arizona law for collateral estoppel to apply (1) the issue must have been actually litigated in a previous proceeding, (2) the parties must have had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits must have been entered, (4) resolution of the issue must be essential to the decision, and (5) there must be common identity of the parties.  *Smith v. Barrow Neurological Institute of St. Joseph's Hosp. and Medical Center*, 2012 WL 3108811 *4 (D. Ariz. 2012), *quoting Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (Ct. App. 1999).

Plaintiffs move for summary judgment based upon the summary judgment granted by the Gila County Arizona court.  Plaintiffs characterize their argument as based on the doctrine of issue preclusion/collateral estoppel because (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action, citing *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).

Plaintiffs submit that elements (1), (3) and (4) are readily shown by the Arizona litigation, in which they filed and served a complaint, Defendant appeared, and the case was approaching trial when they moved for summary judgment, which was granted when the Defendant failed to respond, that judgment is final, and the Defendant is the same person as the Arizona defendant.

Defendant does not dispute that he is the same person as the defendant in the Arizona litigation. He does not dispute that judgment was entered in the Arizona litigation, or that the judgment is final.

Defendant disputes that he had a full and fair opportunity to litigate the issues in the Arizona litigation, and denies that the issues were actually litigated.  Defendant's answer is inconsistent with his supporting affidavits, in which he admits that he was served with the summons and complaint in the Arizona case, and that he hired an attorney, Keith Lallis, to represent him in the Arizona litigation and filed an answer.  In his answer filed in the instant adversary proceeding Defendant asserted at paragraph 24 that he "did not have the funds to defend himself either by appearance or by lawyer."  Based on Defendant's affidavits, this Court concludes that he had a full and fair opportunity to litigate the summary judgment in the Arizona litigation.

Defendant's attorney failed to respond to the motion for summary judgment filed in the Arizona litigation, and summary judgment was entered on Plaintiffs' claims including fraud.  The Defendant voluntarily selected Keith Lallis as his attorney of record in the Arizona litigation, and he cannot now avoid the consequences of the acts or omissions of his freely-selected attorney. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. at 396-97; *Link v. Wabash Co.*, 370 U.S. 626, 633-34 (1962); *In re Casey*, 193 B.R. 942, 949 (Bankr. S.D. Cal. 1996).

As to element (2), Plaintiffs cite Arizona case law that an issue is "actually litigated" in the previous proceeding when "it is properly raised by the pleadings or otherwise, is submitted for determination, and is determined by a court of competent jurisdiction."  *Child,* 486 B.R. at

173; *Lansford v. Harris*, 174 Ariz. 413, 419, 850 P.2d 126, 132 (App. 1992); *Chaney Bldg Co. v. Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30, *citing* Restatement (Second) of Judgments, Section 27, cmt. d. ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this section.").

In the instant case, the uncontroverted facts admitted by the Defendant show that he was served with the complaint in the Arizona litigation alleging forgery and fraud, that he hired an attorney, and filed an answer raising the issues. The issues were submitted on Plaintiffs' motion for summary judgment for determination, and were determined. Therefore, under *Lansford v. Harris* the issues were "actually litigated." 174 Ariz. at 419, 850 P.2d at 132.

In Arizona, default judgments do not satisfy the "actually litigated" requirement. *In re Taylor*, 2011 WL 6217354 *2 (Bankr. D. Ariz.). But in the instant case a default judgment was not entered. Rather, summary judgment was granted after the Defendant failed to file a response. A similar situation arose *In re Bell*, 2008 WL 2277875 *4 (D. Ariz. 2008), wherein the appellant filed an untimely response to a summary judgment motion which was not considered. The language used by the court could be used to describe the instant case:

> Appellants never explain how the absence of a court-established schedule excused them from responding to the summary judgment motion. Once in receipt of the motion, Appellants were on notice that a response was required under the Arizona Rules of Civil Procedure. *See* Ariz. R. Civ. P. 56(c)(1) ("A party opposing the motion must file affidavits, memoranda or both within 30 days after service of the motion."). This was not a situation in which the plaintiffs gave up and accepted default, but one in which they did not effectively pursue their case. *See In re Daily*, 47 F.3d 365, 368 (9th Cir.1995) ("the 'actual litigation' requirement may be satisfied by substantial participation in the adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so."). Moreover, Appellants were represented by counsel in the state

9

> court proceedings and therefore knew the requirements of Arizona procedure and the nature of judicial proceedings generally. *See* [*In re Gottheiner*, 703 F.3d 1136, 1138 (9th Cir. 1983)] (affirming application of collateral estoppel were the plaintiff, represented by counsel, did not oppose a motion for summary judgment).
>
> The fact that Appellants were represented by counsel also suggests that the application of collateral estoppel in this case is not unfair. *See Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 234 (9th Cir.1989) (collateral estoppel should not be applied where "its effect would be unfair."). This is not a situation where Appellants were the unknowing victims of procedures with which they could not comply.

*Bell*, 2008 WL 2277875 at *4.

In the instant case, Defendant filed an answer to the complaint but did not file an answer to Plaintiffs' motion for summary judgment in Arizona, and summary judgment was entered against Defendant. The grant of an unopposed motion for summary judgment may be given preclusive effect. *Gottheiner v. Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). Unlike the debtor in *Palmer*, 207 F.3d at 568, the Defendant in the instant case did not give up at the outset of the Arizona litigation. Unlike in *Child*, 486 B.R. at 175, where the debtor's only filing was a rambling letter disputing the claims against him but did not file an answer, in the instant case Defendant hired counsel, filed an answer and submitted disclosures in the Arizona litigation. Dkt. 11 (Harper Affid, para. 5). Based on that, this Court concludes that the issues of fraud were "actually litigated." Since Defendant was represented by counsel, application of issue preclusion/collateral estoppel would not be unfair. *Bell*, 2008 WL 2277875 at *4; *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. at 396-97.

Plaintiffs cite *In re Staggs*, 178 B.R. 767 (Bankr. N.D. Ind. 1994) as involving a nearly identical issue. There, after filing an answer the defendant did not appear or oppose a motion for

summary judgment, which was granted on the basis of issue preclusion/collateral estoppel and a debt was determined nondischargeable. 178 B.R. at 772; *see Grogan v. Garner*, 498 U.S. at 284 n. 11, 111 S.Ct. at 658 (collateral estoppel applies to dischargeability proceedings under § 523(a).

### III. § 523(a)(2).

Section 523(a)(2)(A) provides that, "a discharge under . . . this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, . . . ." To prevail on a § 523(a)(2)(A) claim, a creditor must establish five elements: "'(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.'" *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (9th Cir. BAP 2009) (*quoting Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)); s*ee also Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001*); American Express Travel Related Services Co. Inc. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1125 (9th Cir.1996); *Apte v. Japra, M.D., F.A.C.C., Inc. (In re Apte)*, 96 F.3d 1319, 1322 (9th Cir. 1996).

Consistent with effectuating the underlying purposes of the Bankruptcy Code, exceptions to discharge under §§ 523 are to be narrowly construed. *See Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992). Notwithstanding the weighty burden, a creditor bears the burden of proof to establish each of the five elements by a preponderance of the evidence. *Slyman*, 234 F.3d at 1085.

The determination of nondischargeability under § 523(a)(2)(A) is a question of federal, not state law and since the elements of § 523(a)(2)(A) mirror the common law elements of fraud, courts must interpret these elements consistent with the common law definition of "actual fraud" as set forth in the Restatement (Second) of Torts (1976) §§ 525-557A.  *Field v. Mans*, 516 U.S. 59, 69, 116 S.Ct. 437, 443-44, 133 L.Ed.2d 351 (1995) ("'false pretenses, a false representation, or actual fraud,'. . . are common-law terms, and...in the case of 'actual fraud,'...they imply elements that the common law has defined them to include.").  The amended complaint filed in the Arizona litigation (*see* Dkt. 11) includes a claim for common law fraud, Count 4.  This Court has located one unpublished decision which notes that Arizona permits state law claims for common law fraud.  *Freezor v. Davis (In re Davis)*, 108 F.3d 337, 1997 WL 733174 * (9th Cir. 1996) (unpublished decision).

Applying the doctrine of issue preclusion/collateral estoppel because Plaintiffs have satisfied each of the required elements, this Court finds and concludes that the Plaintiffs have satisfied their burden for summary judgment under Rule 56(a) by showing that no genuine issue of material fact exists, and that they are entitled to summary judgment as a matter of law under § 523(a)(2)(A) excepting their claim in the amount of $169,440.00 from the Defendant's discharge based on the Arizona summary judgment.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. The determination as to the dischargeability of Plaintiffs' particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Plaintiffs satisfied their burden under Rule 56(a) to show that no genuine issue of

material fact exists.

4. Plaintiffs satisfied their burden to show all the elements required for application of the doctrine of issue preclusion/collateral estoppel under Arizona law. The issue of fraud was actually litigated in the Gila County, Arizona, litigation when the court granted Plaintiffs' motion for summary judgment after Defendant employed an attorney who filed an answer to the amended complaint.

5. Plaintiffs are entitled to summary judgment as a matter of law excepting their claim in the amount of $169,440.00 from the Defendant's discharge under 11 U.S.C. § 523(a)(2)(A) for fraud.

**IT IS ORDERED** a separate Order and Judgment shall be entered against the Defendant Randy R. Bailey granting Plaintiffs' motion for summary judgment, and excepting their claim in the amount of $169,440.00 from the Defendant's discharge under 11 U.S.C. § 523(a)(2)(A).

BY THE COURT

/s/ Ralph B Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana