**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re | |
| **RANDY RAY BAILEY** and **CHRISTINE MARIE CRAIG**, | Case No.  **12-60253-7** |
| Debtors. | |
| **TERRANCE HUNT** and **MARCIA HUNT**, | |
| Plaintiffs. | |
| -vs- | Adv No.  **12-00037** |
| **RANDY RAY BAILEY**, | |
| Defendant. | |

**MEMORANDUM OF DECISION**

At Butte in said District this 8th day of July, 2013.

After a trial and judgment entered in this adversary proceeding against the Defendant excepting Plaintiffs' claim from Defendants' discharge, Plaintiffs filed a "Motion for Award of Attorneys' Fees" on April 16, 2013 (Docket No. 36) ("Plaintiffs' Motion") based on their state law contract claims and Arizona statute A.R.S. § 12-341.01(A). Defendant, pro se, filed a response in opposition, and a hearing on Plaintiffs' Motion was held after notice at Missoula on June 6, 2013. Plaintiffs were represented at the hearing by attorneys Michael J. Harper ("Harper") of Walker & Harper, P.C., Payson, AZ, and Andrew J. Pierce of Morgan Pierce, PLLP, Missoula. The Defendant did not appear. Harper clarified that Plaintiffs seek a

1

determination that they are eligible for attorney fees, and if they are they request leave to file an affidavit of fees and costs. After hearing argument of counsel the Court took Plaintiffs' Motion under advisement. After review of the record and applicable law, this matter is ready for decision. For the reasons set forth below, Plaintiffs' Motion will be granted and Plaintiffs granted leave to file an affidavit of attorneys' fees and costs.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b). This adversary proceeding which sought a determination as to the dischargeability of Plaintiffs' particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The background facts are set forth in this Court's Memorandum of Decision (Docket No. 30) entered on April 2, 2013. The accompanying Order granted Plaintiffs' motion for summary judgment and excepted Plaintiffs' claim in the amount of $169,440 from Defendant's discharge under 11 U.S.C. § 523(a)(2)(A). An amended Judgment was entered on May 29, 2013, without objection adding $5,923.19 in interest to the amount excepted from Defendant's discharge.

Plaintiffs moved for an award of attorneys' fees based on Arizona statute, A.R.S. § 12–341.01(A), which states, "in any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." The Defendant objected to Plaintiffs' Motion for attorneys' fees, but cites no authority in support of his opposition other than his difficult circumstances[1] and errors by this Court and the Arizona

---

[1]Defendant believes that his homestead offers him no protection because it was recorded after the Arizona judgment. Defendant misconstrues liberal Montana homestead statutes, including Mont. Code Ann. § 70-32-201 et seq. Plaintiffs' Arizona judgment is not secured by a mortgage, vendor's lien or construction lien, for which execution is allowed under § 70-32-202. A judgment creditor not within § 70-32-202 may apply for the appointment of a person to appraise the value of a judgment debtor's homestead, but no bid can be received at a sale of a

state court.  Courts have a duty to construe pro se pleadings liberally.  *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Prior to filing his bankruptcy petition, Defendant was sued by Plaintiffs in a civil law suit in Gila County, Arizona.   On August 24, 2011, the Gila County Superior Court granted Plaintiffs' motion for summary judgement in CV-20090-400, "Gila County Action,"and entered judgment in favor of Plaintiffs on all claims asserted by Plaintiffs against Defendant, including but not limited to Plaintiffs' claims for breach of contract and fraud.

On February 28, 2012, Defendant filed a voluntary Chapter 7 petition in this district.  Plaintiffs filed a complaint to determine nondischargeability pursuant to 11 U.S.C. § 523.  On April 11, 2012, this Court granted Plaintiffs' motion for summary judgment and excepted the Arizona judgment from Defendant's discharge.  Applying Arizona state law, this Court found the elements for issue preclusion satisfied and determined the defendant was estopped from re-litigating the Gila County Action issues again in bankruptcy court.  *See Memorandum of Decision,* (Dkt. 30).  No notice of appeal has been filed and the judgment is final.

Plaintiffs' Motion seeks leave to file an affidavit of attorneys' fees and costs which they seek added to their nondischargeable judgment.  Before determining whether Plaintiffs are entitled to the attorneys' fees, the applicable law, state or federal, must first be determined.

**Standards for Award of Attorney's Fees in Dischargeability Action**.

Under the "American Rule," a prevailing litigant ordinarily is not entitled to collect attorneys' fee from the loser except when authorized by contract or statute.  The Supreme Court

---

homestead unless it exceeds the allowed exemption. MONT. CODE ANN. § 70-32-211; § 70-32-104(a).

3

dealt with the ability of an unsecured creditor in a bankruptcy case to recover postpetition

attorney's fees from the debtor in *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549

U.S. 443, 448, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007).  In *Travelers,* the bankruptcy court had

followed the "Fobian" rule advanced in the Ninth Circuit's holding in *Fobian v. W. Farm. Credit*

*Bank (In re Fobian)*, 951 F.2d 1149 (9th Cir.1991).  The Fobian rule provided that,

notwithstanding the terms of the creditor's contract with the debtor, the claim of an unsecured

creditor for post-petition attorneys' fees could not be allowed if the creditor was seeking

reimbursement for litigating issues that did not involve "basic contract enforcement questions,"

but instead related to "issues peculiar to federal bankruptcy law."  The Ninth Circuit affirmed,

but the Supreme Court reversed, holding that the Fobian rule's per se denial of certain categories

of fee requests was unwarranted and unsupported by the bankruptcy statute or applicable state

law.  *See In re SNTL Corp.*, 380 B.R. 204, 217 (9th Cir. BAP 2007), *aff'd*, 571 F.3d 826 (9th Cir.

2009) *citing Travelers*, 549 U.S. 443 at 447-449.

   Although appearing to open the door for payment of any type of postpetition attorney

fees, the holding from *Travelers* is actually narrow and must not be over-generalized.  The

holding simply stated no support existed for a judicially created rule that summarily disallowed

requests for postpetition attorneys' fees incurred in litigating 'bankruptcy issues' in the

bankruptcy court without any analysis of the scope of the contractual provision or review of

whether the fees sought fall within the ambit of the attorneys' fees clause of the subject contract.

*Travelers*, 549 U.S. 443 at 447-450.

   *Travelers* directed courts to look to state law when determining claims, including the

award of attorneys fees.  549 U.S. at 448, quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,

421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).  In *Travelers*, the Supreme Court

reaffirmed the nature and scope of a right to payment is determined by state law.  Noting that it

has "long recognized that the basic federal rule in bankruptcy is that state law governs the

substance of claims, Congress having generally left the determination of property rights in the

assets of a bankrupt's estate to state law." *Travelers*, 549 U.S. at 450.  *Travelers* continues

"when the Bankruptcy Code uses the word 'claim'—which the Code itself defines as a 'right to

payment,'—it is usually referring to a right to payment recognized under state law." *Travelers*,

549 U.S. at 451.  *See also Butner v. U.S.*, 440 U.S. 48, 55 (1979) (holding that because

"[p]roperty interests are created and defined by state law...[u]nless some federal interest requires

a different result, there is no reason why such  interests should be analyzed differently simply

because an interested party is involved in a bankruptcy proceeding.")

 Since the *Travelers* decision, the allowance of claims for attorney's fees in bankruptcy

generally is recognized as governed by state law.  *Travelers*, 549 U.S. at 450–51.  This is

particularly true in dischargeability cases "where the litigation ordinarily has no direct impact on

the bankruptcy estate."  *Charlie Y., Inc. v. Carey* (*In re Carey*), 446 B.R. 384, 390 (9th Cir. BAP

2011).

 Accordingly, this Court applies Arizona state law to determine Plaintiffs' eligibility to

collect postpetition attorney's fees.  Plaintiffs correctly state the applicable Arizona statute is

A.R.S § 12–341.01.  Section § 12–341.01(A) allows a trial court to award attorney fees to the

prevailing party in "any contested action arising out of a contract, express or implied."  *Cohen v.*

*de la Cruz*, 523 U.S. 213, 223 (1998).  Such awards are intended to "mitigate the burden of the

expense of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B).  Under

Arizona law, awarding attorneys' fees is discretionary and trial courts can consider, among other factors: (1) the merits of the unsuccessful party's claim; (2) whether the successful party's efforts were completely superfluous in achieving the ultimate result; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question presented was novel or had been previously adjudicated; and (6) whether a fee award would discourage other parties with tenable claims from litigating. *Am. Const. Corp. v. Phila. Indem. Ins. Co.*, 667 F.Supp.2d 1100 (D.Ariz.2009); *Hall v. Read Development, Inc.*, 274 P.3d 1211 (Ariz. App. 1st Div. 2012) (A trial court exercises its broad discretion to determine whether a party was successful in the litigation, as would allow award of attorney fees in action arising out of a contract).

In the instant case, neither party denies the claims "arose out of" the lending agreements between the parties. Clearly, the issue falls within the scope of A.R.S. § 12–341.01 and the possibility of an award of attorneys fees. The trial judge in the Gila County Action already awarded Plaintiffs attorneys' fees under this statute and this Court excepted those attorneys' fees along with the damages awarded to Plaintiffs, from Defendant's discharge. This Court now finds that § 12–341.01 allows Plaintiffs to collect reasonable attorneys' fees incurred postpetition.

Since the nondischargeabilty at issue arose from Defendant's fraudulent actions, award of attorney's fees is favored. Even prior to *Travelers*, attorney fees associated with prosecuting a claim under § 523(a)(2) were found to be excepted from discharge. "The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'" *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998), citing *Grogan v. Garner*,

498 U.S. 279, 287, 111 S.Ct. 654, 659-60, 112 L.Ed.2d 755 (1991); *Brown v. Felsen*, 442 U.S. 127, 138, 99 S.Ct. 2205, 2212–2213, 60 L.Ed.2d 767 (1979).

The Supreme Court in *Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S.Ct. 1212 (1998)*, gave a lengthy explanation as to why not only are the actual fraudulent amounts excepted, but also associated costs.  The Court was concerned with the possibility that a debtor under 523(a)(2)(A) might "discharge any liability for losses caused by his fraud in excess of the amount he initially received, leaving the creditor far short of being made whole."  *Cohen v. de la Cruz*, 523 U.S. at 223.  The Court thus recognized the possibility of exception from discharge for "compensation not only for losses brought about by fraud but also for attorney's fees and costs of suit associated with establishing fraud."  *Id*.  The Court was not concerned about the burden placed on the debtor by the exception stating it was "unlikely that Congress . . . would have favored the interest in giving perpetrators of fraud a fresh start over the interest in protecting victims of fraud."  *Cohen v. de la Cruz*, 523 U.S. at 223, *citing Grogan v. Garner*, 498 U.S. at 285.

Other courts have expressed the same concern for making a creditor whole.  When a creditor is forced to defend a judgement, courts have frequently awarded associated costs and attorney fees.  Such courts state that awarding attorney fees to a creditor that has successfully prosecuted to judgment a nondischargeable fraud-based debt is to make creditor whole for all damages allowable under state law or contract arising out of a debtor's fraud.  *In re Osborne,* 257 B.R. 28, 31 (Bankr. C.D. Cal. 2000), citing *Merchs. Nat'l Bank of Winona v. Moen* (*In re Moen*), 238 B.R. 785, 795 (8th Cir. BAP 1999).

Even if the Plaintiffs' claim did not satisfy the elements of A.R.S. § 12–341.01, courts

have the discretion to award attorney fees under § 341.01 when the claims are so intertwined that withholding attorney fees would be unjustified. *See Modular Mining Sys. v. Jigsaw Techs, Inc.*, 221 Ariz. 515, ¶ 23, 212 P.3d 853, 860 (upholding fee award where contract and tort actions intertwined); *City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 194, 877 P.2d 284, 29 (App.1994) (trial court in best position to determine whether litigation on successful and unsuccessful claims so intertwined as to render fees for both compensable).

A bankruptcy proceeding is substantially intertwined with a contract dispute when the evidence is directly related to and used in both proceedings and identical or substantially overlapping discovery would occur. *See First Nat'l Bank of Ariz. v. Cont'l Bank*, 138 Ariz. 194, 200, 673 P.2d 938, 944 (App.1983) (awarding fees under § 12-341.01 because "pre-complaint investigation and evaluation of the potential claim is part of the process and expense of litigation.").

In *Zeagler v. Buckley*, the plaintiff sued the defendant for breach of contract in state court, and the defendant filed bankruptcy. *Zeagler v. Buckley*, 219 P.3d 247, 248 (Ariz. App. 2d Div. 2009). During the administration of the defendant-debtor's estate, the plaintiff conducted discovery relevant to his contract action. *Id.* The defendant-debtor dismissed her bankruptcy petition, and the parties resumed the contract action in state court. *Id.* The trial court entered judgment in the plaintiff's favor. The plaintiff requested attorneys' fees for fees incurred before, during, and after the pendency of the bankruptcy. *Zeagler*, 219 P.3d at 248. The trial court awarded, and the appellate court upheld an award of those fees on the basis that the fees were "'for obtaining information and establishing the [parties'] contractual rights, which would have occurred' regardless of the bankruptcy." *Zeagler*, 219 P.3d at 249.

8

The policy cited in *Zeagler* and others,  is the goal of discouraging defendants from using bankruptcy court as a "safe harbor."  "Disallowing fees would permit parties in contract actions to shield themselves from the imposition of fees by filing for bankruptcy and forcing their opponents to conduct costly discovery and other litigation in bankruptcy court." *Zeagler*, 219 P.3d at 249-250.  " [B]ankruptcy court should not provide a safe harbor from the operation of § 12-341.01 when a party has filed for bankruptcy essentially as a strategic defense to a state-court claim." *Id.*; *see also In re Gaines*, 178 B.R. 101, 105 (Bankr.W.D.Va.1995).

Related to the issue of being substantially intertwined is the inefficiency and wasted resources when the bankruptcy court is used to litigate the same issues determined in state court. *In re Behn,* attorney fees were awarded in bankruptcy court when the judge determined the dischargeability proceeding was basically a rehash of arguments previously rejected by state court.  *In re Behn*, 245 B.R. 444 (Bankr. W.D. N.Y. 2000).  Based on *Travelers* and the other above-cited authority, this Court finds and concludes that Plaintiffs are entitled to reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A).

In Plaintiffs' Motion, pursuant to Rule 54(d)(2)(B)(iii), Plaintiffs state that a fair estimate of the amount of fees requested is $14,500.00.  Plaintiff state that upon receipt of a ruling on their Motion, or if otherwise directed by this Court, Plaintiffs will submit a detailed fee application itemizing the fees at issue.  Since the Court does not currently have an itemized billing statement, it is impossible for the Court to determine the reasonableness of the fees requested.  The Court notes, however, that the $14,500 amount estimated is significantly greater than the amount awarded by the trial Court in the Gila County Action.  It appears from the record that minimal new information was presented to this Court, which granted summary judgment

9

based on the Arizona judgment.  Rather, most information gathering and evidence production was required and already completed for the Gila County Action.

Plaintiffs, as the party moving for an award of attorney's fees, have the burden of proof. *City of Colton v. Singletary*, 142 Cal. Rptr. 3d 74 (Cal. App. 4th Dist. 2012).  Trial judges are entrusted with discretion to determine the amount of fees awarded because they are in the best position to assess the value of the professional services rendered in their courts.  *In re Durossette*, 2012 WL 8123382 (Bankr. E.D. Cal. 2012).  Courts should look at several factors when determining the reasonableness of attorney fees and costs consistent with Ariz. R. Civ. App. P. 21, Fed. R. Bankr. Proc. 7054, and Fed. R. Civ. P. 54 as set forth in 28 U.S.C. § 1920.  This Court will determine the reasonableness of Plaintiffs' requested attorneys' fees when they file their affidavit of attorneys' fees and costs.

**IT IS ORDERED** a separate Order shall be entered overruling Defendant's objection; granting Plaintiffs' Motion for Award of Attorneys' Fees filed on April 16, 2013 (Dkt. 36), and granting Plaintiffs 14 days to file an affidavit of attorney fees and costs, with service on Defendant; Defendant will be granted 14 days thereafter to file specific objections to the amount of attorneys' fees and costs requested, after which the Court will deem the matter submitted and enter a decision without further hearing.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

10

11