UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**RANDY RAY BAILEY** and<br>**CHRISTINE MARIE CRAIG**,<br><br>Debtors. | Case No. **12-60253-7** |
| **TERRANCE HUNT** and **MARCIA HUNT**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**RANDY RAY BAILEY**,<br><br>Defendant. | Adv No. **12-00037** |

## MEMORANDUM OF DECISION

At Butte in said District this 16th day of October, 2013.

Pending in this adversary proceeding is the Defendant Randy Ray Bailey's Objection (Docket No. 57) to Plaintiffs' attorney Michael J. Harper's ("Harper") attorney fee charges, on the grounds they are erroneous and inflated. Harper filed a supplemental affidavit (Dkt. 62) on October 7, 2013, providing additional detail on the entries to which Defendant objected, and appeared at the hearing and made statements which he affirmed under oath. Defendant Randy Ray Baily appeared and repeated his innocence on the accusation of fraud and forgery, and stated that Harper repeatedly hung up on him during phone calls and was unprofessional. After hearing statements from the parties, the Court took Defendant's Objection under advisement at the

1

hearing. After review of Harpert's affidavits, for the reasons set forth below the Court overrules Defendant's Objection and awards Plaintiff his attorney fees and requested costs, with certain exceptions.

## BACKGROUND FACTS & PROCEDURAL HISTORY

The facts in this adversary proceeding are set forth in detail in this Court's Memorandum of Decision (Dkt. 30) entered on April 2, 2013, which granted Plaintiffs' motion for summary judgment based on the preclusive effect of a judgment entered against the Defendant, who is Plaintiffs' son, in Gila County Arizona Superior Court litigation, CV-2009-0400. The Arizona court entered judgment against Defendant in the total amount of $169,440.00.

Defendant filed a chapter 7 petition in this district. Plaintiffs initiated this adversary proceeding seeking to except their Arizona judgment from Defendant's discharge under 11 U.S.C. § 523(a)(2)(A). This Court granted Plaintiffs' motion for summary judgment based on the doctrine of issue preclusion and the Arizona judgment, and entered judgment against Defendant. On May 29, 2013, the Court entered an amended judgment adding interest in the amount of $5,923.19 to the judgment award of $169,440.

Plaintiffs moved for an award of attorney fees based on their state law contract claims and Arizona statute. After a hearing on Plaintiffs' motion, at which Defendant did not appear. On July 8, 2013, the Court entered a Memorandum of Decision (Dkt. 42) in which the Court recognized that a creditor has the right to recover attorney fees from a debtor based upon *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450-51, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007). This Court granted Plaintiffs' motion for attorney fees based upon Arizona statute A.R.S. § 12-341.01(A) and *Travelers* and *Cohen v. de la Cruz*, 523 U.S.

213, 223, 118 S.Ct. 1212 (1998). The Court allowed Plaintiffs' attorneys to file an affidavit of attorney's fees and costs, which this Court would review for reasonableness in its discretion.

Plaintiffs' local counsel Andrew W. Pierce ("Pierce") filed an affidavit of attorney fees on August 12, 2013 (Dkt. 49) seeking attorney fees in the amount of $2,565.00 for services beginning on 6/8/2012 through 7/9/2013, including Pierce's description of the services, time increments, and fees. Defendant did not file a response to Pierce's affidavit. After review, the Court finds that Pierce's fees are reasonable.

Harper filed his affidavit (Dkt. 50) on August 12, 2013, seeking fees and expenses in the amount of $14,301.50, including $3,364.00 in travel time to attend the hearing on summary judgment March 7, 2013. Harper's billing rate ranged from $290 per hour to $315 per hour. The original affidavit lists services provided and time increments from 3/6/2012 through 8/3/2013. Harper noted that a significant amount of his time to which Defendant objected on the grounds that detail for several entries was missing or incomplete. On October 7, 2013, Harper filed a supplemental affidavit correcting the illegible or hard to read entries to which Defendant objected.

At the hearing on October 10, 2013, Harper further reduced his fee request by a total of $203 for three entries in March and July of 2012. That reduces Harper's request to the sum of $14,098.50.

## DISCUSSION

In exercising its discretion to determine reasonableness of fees, this Court reviews whether the applicant provided:

1. a description of the services provided, setting forth, at a minimum, the parties involved

3

       and the nature and purpose of each task;
2. the date each service was provided;
3. the amount of time spent performing each task; and
4. the amount of fees requested for performing each task.

*See, e.g., In re WRB-West Assocs.*, 9 Mont. B.R. 17, 18-20 (Bankr. D. Mont. 1990).

      Harper's affidavits do not provide the amount of fees requested for performing each task, but they do provide dates, a description of the tasks and the time increments. With three (3) exceptions, the Court finds that Harper has provided sufficient detail to enable this Court to make its determination whether the fees are reasonable.

      The first exception is an entry dated 9/27/2012 for research at the ASU law library and partial travel time, for a total of 3.00 hours. This entry reflects impermissible lumping of tasks in violation of Montana Local Bankruptcy Rule 2016-1(a). Under Rule 2016-1(a), where lumped tasks exceed one hour the Court will allow one hour and disallow the rest. Accordingly, the Court disallows 2.0 hours and $630 for lumping on 9/27/2012, and awards Harper one hour of fees.

      Harper requests a total of 4.0 hours for services provided on 1/29/2013 and 3/7/2013, but describes those tasks as "privileged attorney-client information." The Court disallows those 4 hours and $1,260 from Harper's fees for failure to provide adequate detail. The Court simply cannot exercise its independent review of tasks when an attorney fails to explain what task he or she performs on the excuse of privilege.

      In sum, the Court disallows a total of $1,890 in fees for lumping and inadequate detail from Harper's $14,098.50 in fees, and allows the remaining amount of fees and costs in the amount of $12,208.50. With respect to the remainder of Harper's request for fees and costs, the

Court finds that Harper satisfied his burden to show the fees and costs are reasonable. Harper deemed it necessary and appropriate to travel to Montana for the summary judgment hearing. The Court will not second guess Harper's decision to travel, even though the Debtor failed to appear at that hearing.

Defendant's objections include a denial of any liability for fraud. However, those matters were finally decided in the Arizona court, and this Court will not revisit the merits. Defendant blamed his Arizona attorney for his failure to respond. However, Defendant freely chose his Arizona attorney of record, and he cannot now avoid the consequences of the acts or omissions of his freely-selected attorney. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993); *Link v. Wabash Co.*, 370 U.S. 626, 633-34 (1962).

**IT IS ORDERED** Defendant's Objection to Harper's fee charges is overruled; and a separate amended and supplemental judgment shall be entered against the Defendant Randy Ray Bailey, awarding Plaintiff's attorneys Andrew W. Pierce the sum of $2,565.00 in attorney's fees and costs, and awarding Michael J. Harper the sum of $12,208.50 in fees and costs.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana